IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

Case No. **CV 13 4435 HRL**

STANDING ORDER REGARDING CASE MANAGEMENT IN CIVIL CASES

This order sets forth requirements for initial case management in all civil matters assigned to District Judges Ronald M. Whyte, Lucy H. Koh, and Edward J. Davila, and Magistrate Judges Howard R. Lloyd and Paul S. Grewal. All papers filed must include the case number of the action followed by the initials of the assigned district judge or magistrate judge and, if applicable, the initials of the magistrate judge to whom the action is referred for discovery or other pretrial activity.

Plaintiff shall serve a copy of this Standing Order on all parties to this action and on all parties subsequently joined, in accordance with Fed.R.Civ.P. 4 and 5. Following service, plaintiff shall file a certificate of service in accordance with Civil L.R. 5-6(a).

All disclosure or discovery disputes in cases assigned to district judges are referred to the assigned magistrate judge for determination pursuant to Fed.R.Civ.P. 72(a). Magistrate judges themselves handle disclosure and discovery disputes in the cases assigned to them.

Before selecting a hearing date for a motion before any of the judges of the San Jose Division, counsel must confer with opposing counsel to determine that the proposed hearing date will not cause undue prejudice.

Civil motions under Civil L.R. 7-2 in cases assigned to Judge Whyte may be noticed for hearing on any Friday at 9:00 a.m.

Civil motions under Civil L.R. 7-2 in cases assigned to Judge Koh may be noticed for hearing only after contacting Judge Koh's Courtroom Deputy, Martha Parker Brown, at 408-535-5346 and obtaining an available date. Parties must file their notice of motion, motion,

memorandum of points and authorities, and proposed order the same day that the parties obtain a hearing date from Ms. Parker Brown or the next business day. Otherwise, parties must obtain a new hearing date from Ms. Parker Brown.

Civil motions under Civil L.R. 7-2 in cases assigned to Judge Davila may be noticed for hearing only after contacting Judge Davila's Courtroom Deputy, Elizabeth Garcia, at 408-535-5356.

Civil motions under Civil L.R. 7-2 in cases assigned to Magistrate Judge Lloyd may be noticed for hearing on any Tuesday at 10:00 a.m.

Civil motions under Civil L.R. 7-2 in cases assigned to Magistrate Judge Grewal may be noticed for hearing on any Tuesday at 2:00 p.m.

Pursuant to Fed.R.Civ.P. 16 and 26 and Civil L.R. 16-10(a), a Case Management Conference will be held on _____ at _____, at the United States Courthouse, 280 South First Street, San Jose, California. This conference may be continued only by court order pursuant to Civil L.R. 16-2(e). Parties may not stipulate to continue a Case Management Conference without court approval.

Pursuant to Civil L.R. 16-3, in advance of the Case Management Conference, counsel shall confer with their respective clients and opposing counsel for the purposes specified in Fed.R.Civ.P. 26(f), Civil L.R. 16-8 and 16-9, and in patent cases, Patent L.R. 3-1 through 3-6. A meaningful meet and confer process prior to the Case Management Conference and good faith compliance with the requirements of this Order are essential elements of effective case management. Failure to meet and confer, to be prepared for the Case Management Conference or to file a Joint Case Management Conference Statement may result in sanctions. Parties may, but are not required, to attend the Case Management Conference.

In all "E-filing" cases when filing papers in connection with any motion for determination by a judge, the parties shall, in addition to filing papers electronically, lodge with chambers a printed copy of the papers by the close of the next court day following the day the papers are filed electronically. These printed copies shall be marked "Chambers Copy" and shall be submitted to the Clerk's Office, in an envelope clearly marked with the Judge's name, case number and "E-filing

Chambers Copy." Parties shall not file a paper copy of any document with the Clerk's Office that has already been filed electronically.

IT IS SO ORDERED.

Dated: February 13, 2012

*[signature]*
Ronald M. Whyte
United States District Judge

*[signature]*
Lucy H. Koh
United States District Judge

*[signature]*
Edward J. Davila
United States District Judge

*[signature]*
Howard R. Lloyd
United States Magistrate Judge

*[signature]*
Paul S. Grewal
United States Magistrate Judge

SAN JOSE DIVISION
STANDING ORDER REGARDING CASE MANAGEMENT IN CIVIL CASES

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
MAGISTRATE JUDGE HOWARD R. LLOYD

## STANDING ORDER RE: INITIAL CASE MANAGEMENT

1. In cases that are randomly assigned to Judge Lloyd for all purposes, the parties are requested to file their written consent to the assignment of a U.S. Magistrate Judge for all purposes, or their written declination of consent, as soon as possible.

2. The civil motion calendar is heard on Tuesdays at 10:00 a.m. The criminal motion calendar is heard on Thursdays at 9:30 a.m. Motions may be noticed for hearing pursuant to Civil L.R. 7. Counsel need not reserve a hearing date in advance for civil motions, although noticed dates may be reset as the Court's calendar requires. HOWEVER, do not notice a motion over a civil discovery dispute. Instead, follow this court's "Standing Order re: Civil Discovery Disputes."

3. Parties with questions regarding scheduling (excluding settlement conferences) should contact Judge Lloyd's Administrative Law Clerk at (408) 535-5411.

4. A Case Management Conference will be held on the date and time specified in the Order Setting Initial Case Management Conference in Courtroom 2, United States Courthouse, 280 South First Street, San Jose, California. This conference may be continued only by Court Order pursuant to Civil L.R. 16-2(e). Parties may not stipulate to continue a Case Management Conference without Court approval.

5. Pursuant to Civil L.R. 16-9, no later than seven (7) days before the Case Management Conference, the parties shall file a Joint Case Management Statement. For the required format and contents of this filing, follow the "Standing Order for All Judges of the Northern District of California: Contents of Joint Case Management Statement." If preparation of a joint statement would cause undue hardship, the parties may serve and file separate statements, which shall include a description of the undue hardship.

6. Plaintiff or removing Defendant shall serve a copy of this Standing Order on all parties to this action and on all parties subsequently joined, in accordance with Fed.R.Civ.P. 4 and 5. Following service, Plaintiff shall file a certificate of service, in accordance with Civil L.R. 5-5.

IT IS SO ORDERED.
Dated: August 22, 2002
Last Amended: July 2, 2012
HOWARD R. LLOYD
United States Magistrate Judge

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
MAGISTRATE JUDGE HOWARD R. LLOYD

## STANDING ORDER RE: CIVIL DISCOVERY DISPUTES

1. Effect of Delay on Discovery Disputes.

The parties and counsel are cautioned not to allow discovery disagreements to drag on unresolved until some important looming deadline forces them into action. Because of the press of its other business, the court may not be able to give the dispute its attention with the same celerity that some or all of the parties think is necessary.

2. Resolving Discovery Disputes

In order for this court to efficiently and flexibly respond to discovery disputes, and accounting both for (1) parties' and counsel's obligation to diligently strive to resolve such disputes without court involvement and (2) the limitations on available judicial resources: effective immediately this court adopts a new procedure for resolving discovery disputes.

   A. Absent leave of court, formal noticed discovery motions may no longer be filed and, if filed contrary to this order, will not be heard.

   B. Instead, parties (and non-parties involved in a discovery dispute) will first use the customary convenient means of communication—telephone, e-mail, correspondence, person-to-person talks between members of opposing litigation teams—to try to reach agreement.

   C. If that fails to lead to complete agreement, then LEAD COUNSEL (and any unrepresented person), accompanied by anyone else whose presence is needed to fully explore resolution, shall meet IN PERSON for as long as and as often as is needed to reach full agreement.

      i. Unjustified delay in arranging the meeting, especially where the dispute is time sensitive, or refusal to attend or to participate meaningfully will be grounds for sanctions and/or for entry of an order in favor of the other side. Except in extreme circumstances, excuses such as press of business, inconvenience, or cost will not suffice.

      ii. Hopefully, the parties can agree on a site for the in-person meeting of lead counsel. The most sensible way would probably be for the party advancing the dispute to pick the place for the first meeting, the other party pick the site for the second, and alternating thereafter. If the parties cannot agree, then the court requires lead

        counsel to meet at a location approximately half way between their offices.

D.    If the meeting(s) between lead counsel do not resolve the dispute, then within 5 business days after conclusion of the session(s) (or, 5 days after reaching impasse as to a particular issue) the parties shall file on pleading paper a "Discovery Dispute Joint Report #___" ("Joint Report") *using the "Discovery Letter Brief" event under "Motions–General" in CM/ECF*. In no event may a Joint Report be filed later than 7 days after the discovery cut-off date(s), as prescribed in Civil L.R. 37-3. As usual, a chambers copy should also be submitted.

    i.    The Joint Report's cover page will contain: the case caption; a one sentence identification of the issue it covers; the date, place, and length of time of the joint meeting; the close of discovery and any other date that is relevant; and the attestations of lead counsel that they complied with this Standing Order.

    ii.    To avoid needless complexity and unwieldiness, the Joint Report should deal with only one issue (or, at most, a few inextricably related issues).

    iii.    The Joint Report, including the cover page, shall not exceed 11 pages. It should describe the dispute and the facts essential to understanding it. Then, in a format that allows ready comparison, it should give each party's position (with brief citation to important authority), and—finally—each party's final and "most reasonable" proposal for how the court should decide.

    iv.    The only exhibit permitted to the Joint Report is an exact copy of the discovery request(s) in issue and the response(s) (if any) to it (i.e.: requests for documents, interrogatories, privilege log, non-party subpoena, etc.) If it consists of more than just a few pages, the exhibit shall be indexed.

    v.    A single lead-counsel-in-person session may produce more than one Joint Report, but the court would look with disfavor on any attempt to use multiple Joint Reports to skirt the page limitation.

    vi.    Unjustified delay or refusal to participate meaningfully in the preparation of the Joint Report is grounds for imposition of sanctions or entry of an order sought by the other side.

E.    Upon receipt of the Joint Report, the court will decide what further proceedings, if any, are appropriate. If the issue is clearly presented and ripe for decision, it may simply issue a ruling. Alternatively, other options

        include: scheduling a telephone conference, calling for further briefing, or, rarely, holding a hearing.

F.    Any party seeking an award of attorney fees or other expenses in connection with a discovery dispute shall file a noticed motion pursuant to the Northern District Local Rules. It would ordinarily be presumptuous to file such a motion before the court has ruled on the dispute.

G.    When the parties have become, or expect to become, engaged in a succession of discovery disputes or otherwise require the ongoing assistance of a neutral decision maker, the court recommends they consider appointment of a Special Master.

IT IS SO ORDERED.

Dated:             June 3, 2011
Last Amended:  April 3, 2012

                                      HOWARD R. LLOYD
                                      United States Magistrate Judge

STANDING ORDER FOR ALL JUDGES
OF THE NORTHERN DISTRICT OF CALIFORNIA

CONTENTS OF JOINT CASE MANAGEMENT STATEMENT

Commencing July 1, 2011, all judges of the Northern District of California will require identical information in Joint Case Management Statements filed pursuant to Civil Local Rule 16-9. The parties must include the following information in their statement which, except in unusually complex cases, should not exceed ten pages:

1. Jurisdiction and Service: The basis for the court's subject matter jurisdiction over plaintiff's claims and defendant's counterclaims, whether any issues exist regarding personal jurisdiction or venue, whether any parties remain to be served, and, if any parties remain to be served, a proposed deadline for service.

2. Facts: A brief chronology of the facts and a statement of the principal factual issues in dispute.

3. Legal Issues: A brief statement, without extended legal argument, of the disputed points of law, including reference to specific statutes and decisions.

4. Motions: All prior and pending motions, their current status, and any anticipated motions.

5. Amendment of Pleadings: The extent to which parties, claims, or defenses are expected to be added or dismissed and a proposed deadline for amending the pleadings.

6. Evidence Preservation: A brief report certifying that the parties have reviewed the Guidelines Relating to the Discovery of Electronically Stored Information ("ESI Guidelines"), and confirming that the parties have met and conferred pursuant to Fed. R. Civ. P. 26(f) regarding reasonable and proportionate steps taken to preserve evidence relevant to the issues reasonably evident in this action. See ESI Guidelines 2.01 and 2.02, and Checklist for ESI Meet and Confer.

7. Disclosures: Whether there has been full and timely compliance with the initial disclosure requirements of Fed. R. Civ. P. 26, and a description of the disclosures made.

8. Discovery: Discovery taken to date, if any, the scope of anticipated discovery, any proposed limitations or modifications of the discovery rules, a brief report on whether the parties have considered entering into a stipulated e-discovery order, a proposed discovery plan pursuant to Fed. R. Civ. P. 26(f), and any identified discovery disputes.

9. Class Actions: If a class action, a proposal for how and when the class will be certified.

10. Related Cases: Any related cases or proceedings pending before another judge of this court, or before another court or administrative body.

*Effective date: July 1, 2011 (Last Revised November 27, 2012)*

11. <u>Relief</u>: All relief sought through complaint or counterclaim, including the amount of any damages sought and a description of the bases on which damages are calculated. In addition, any party from whom damages are sought must describe the bases on which it contends damages should be calculated if liability is established.

12. <u>Settlement and ADR</u>: Prospects for settlement, ADR efforts to date, and a specific ADR plan for the case, including compliance with ADR L.R. 3-5 and a description of key discovery or motions necessary to position the parties to negotiate a resolution.

13. <u>Consent to Magistrate Judge For All Purposes</u>: Whether **all** parties will consent to have a magistrate judge conduct all further proceedings including trial and entry of judgment. ___ Yes  ___ No

14. <u>Other References</u>: Whether the case is suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

15. <u>Narrowing of Issues</u>: Issues that can be narrowed by agreement or by motion, suggestions to expedite the presentation of evidence at trial (e.g., through summaries or stipulated facts), and any request to bifurcate issues, claims, or defenses.

16. <u>Expedited Trial Procedure</u>: Whether this is the type of case that can be handled under the Expedited Trial Procedure of General Order No. 64 Attachment A. If all parties agree, they shall instead of this Statement, file an executed Agreement for Expedited Trial and a Joint Expedited Case Management Statement, in accordance with General Order No. 64 Attachments B and D.

17. <u>Scheduling</u>: Proposed dates for designation of experts, discovery cutoff, hearing of dispositive motions, pretrial conference and trial.

18. <u>Trial</u>: Whether the case will be tried to a jury or to the court and the expected length of the trial.

19. <u>Disclosure of Non-party Interested Entities or Persons</u>: Whether each party has filed the "Certification of Interested Entities or Persons" required by Civil Local Rule 3-16. In addition, each party must restate in the case management statement the contents of its certification by identifying any persons, firms, partnerships, corporations (including parent corporations) or other entities known by the party to have either: (i) a financial interest in the subject matter in controversy or in a party to the proceeding; or (ii) any other kind of interest that could be substantially affected by the outcome of the proceeding.

20. Such other matters as may facilitate the just, speedy and inexpensive disposition of this matter.

*Effective date: July 1, 2011 (Last Revised November 27, 2012)*