1    *E-Filed: January 6, 2014*

2

3

4

5

6

**United States District Court**
For the Northern District of California

7                    NOT FOR CITATION

8          IN THE UNITED STATES DISTRICT COURT

9          FOR THE NORTHERN DISTRICT OF CALIFORNIA

10                   SAN JOSE DIVISION

11   GILBERTO FIERROS,                    No. C13-04435 HRL

12          Plaintiff,              **ORDER THAT CASE BE**
                                    **REASSIGNED TO A DISTRICT**
13      v.                          **COURT JUDGE**

     IMMIGRATION AND
14   NATURALIZATION DIRECTOR,       **REPORT AND RECOMMENDATION**

15          Defendant.             **[RE: Docket Nos. 1 and 2]**

16   _____/

17          Gilberto Fierros sues Immigration and Naturalization Director for wrongful deportation.

18   Presently before the court is Plaintiff's application to proceed in forma pauperis.  A court may

19   authorize the commencement of a civil action in forma pauperis ("IFP") if the court is satisfied that

20   the would-be plaintiff cannot pay the filing fees necessary to pursue the action.  28 U.S.C §

21   1915(a)(1).  In evaluating such an application, the court should "gran[t] or den[y] IFP status based

22   on the plaintiff's financial resources alone and then independently determin[e] whether to dismiss

23   the complaint."  *Franklin v. Murphy*, 745 F.2d 1221, 1226-27 n.5 (9th Cir. 1984).  Plaintiff's

24   application indicates that his assets and income are insufficient to enable him to prosecute this

25   action.  Accordingly, his application to proceed without the payment of the filing fee should be

26   granted.

27          However, the Court's grant of Plaintiff's IFP application does not mean that he may continue

28   to prosecute his complaint.  A court may dismiss a case filed without the payment of the filing fee

     whenever it determines that the action "(i) is frivolous or malicious; (ii) fails to state a claim on

**United States District Court**
For the Northern District of California

1    which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from

2    such relief." 28 U.S.C. § 1915(e)(2)(B)(i)-(iii). "A pleading that states a claim for relief must

3    contain: (1) a short and plain statement of the grounds for the court's jurisdiction . . . [and] (2) a

4    short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P.

5    8(a). Additionally, if the court determines at any time that it lacks subject matter jurisdiction, it

6    must dismiss the action. Fed. R. Civ. P. 12(h)(3).

7       Plaintiff alleges that he was an American citizen who was deported to Mexico after

8    wrongfully being sent to prison. He intended to appeal the sentence, but he inadvertently waived his

9    right to appeal after signing a document he did not understand due to the fact that he speaks little

10    English. He requests that he be granted his citizenship again and that he be brought back from

11    Mexico.

12       Plaintiff does not provide a short and plain statement of the grounds for the Court's

13    jurisdiction, and from the few facts pled it does not appear that the Court in fact has jurisdiction. In

14    requesting that the Court remedy his wrongful deportation, it appears that Plaintiff is seeking

15    judicial review of an order of removal. However, the "REAL ID Act eliminated district court

16    habeas corpus jurisdiction over orders of removal, vesting jurisdiction exclusively in the courts of

17    appeals." *Morales-Izquierdo v. DHS*, 600 F.3d 1076, 1080 (9th Cir. 2010). *See* 8 U.S.C. §

18    1252(a)(5) (providing that, with limited exceptions, "a petition for review filed with an appropriate

19    court of appeals . . . shall be the sole and exclusive means for judicial review of an order of

20    removal"). Review by a court of appeals is further limited where the removal was based, as here, on

21    a criminal conviction. *See* 8 U.S.C. § 1252(a)(2)(C) (prohibiting judicial review where removal

22    based on conviction of, among others, a crime involving moral turpitude). Moreover, section

23    1252(g) provides that "no court shall have jurisdiction to hear any cause or claim by or on behalf of

24    any alien arising from the decision or action by the Attorney General to . . . execute removal orders

25    against any alien." Insofar as Plaintiff's claim for wrongful deportation is a request for judicial

26    review of an order of removal or of the Attorney General's execution of the order, this Court lacks

27    subject matter jurisdiction. Additionally, to the extent that Plaintiff's complaint raises any other

28

claim for relief over which this Court might have subject jurisdiction, Plaintiff still fails to state a claim on which relief can be granted.

   Because all parties have not yet consented to the undersigned's jurisdiction, this court ORDERS the Clerk of the Court to reassign this case to a district court judge.  The undersigned further RECOMMENDS that the newly-assigned district court judge dismiss the complaint. Pursuant to Federal Rule of Civil Procedure 72(b), any party may serve and file objections to this Report and Recommendation within fourteen days after being served.

   **IT IS SO ORDERED.**

Dated: January 6, 2014

_____
HOWARD R. LLOYD
UNITED STATES MAGISTRATE JUDGE

**United States District Court**
For the Northern District of California

3

**C13-04355 HRL Notice will be mailed to:**

Gilberto Fierros
C/O Christopher James Castillo
1850 Copper Loop #11-11655
Las Cruces, NM 88005

**Counsel are responsible for distributing copies of this document to co-counsel who have not registered for e-filing under the court's CM/ECF program.**

United States District Court
For the Northern District of California

4